**TRITON MARINE CONSTRUCTION,**
and Frankgates Acclaim,
Petitioner,

v.

**Darin C. SCHNEIDER; Director,
Office of Workers Compensation
Programs, Respondents.**

Nos. 04–76728, 05–73433.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 15, 2006.

Filed July 24, 2006.

Wesley M. Fujimoto, Esq., Imanaka Kudo & Fujimoto LLC, Honolulu, HI, for Petitioner.

Jay Lawrence Friedheim, Esq., Honolulu, HI, Joshua T. Gillelan, II, Thomas Shepherd, U.S. Department of Labor, Carol Dedeo, Helen H. Cox, Esq., U.S. Department of Labor Office of the Solicitor, Washington, DC, for Respondents.

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

## MEMORANDUM *

Triton Marine Construction ("Triton") petitions for review of an order of the Benefits Review Board order affirming an Administrative Law Judge's ("ALJ") calculation of Darin Schneider's permanent dis-

ability benefits for injuries he suffered working for Triton repairing a Navy dry dock. Triton also appeals the Board's award of attorney's fees. We have jurisdiction under 33 U.S.C. § 921(c), and we affirm.

■ We review the Board's wage decision "for errors of law and for adherence to the substantial evidence standard," *Alcala v. Dir., OWCP*, 141 F.3d 942, 944 (9th Cir.1998) (internal quotation marks omitted). We review de novo interpretations of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). *Gilliland v. E.J. Bartells Co., Inc.*, 270 F.3d 1259, 1261 (9th Cir.2001).

■ There was neither arbitrariness nor error in the ALJ's wage calculation. Substantial evidence supports the ALJ's finding that section 10(a) of the LHWCA could not be reasonably and fairly applied to calculate Schneider's wages. *See* 33 U.S.C. §§ 910(a)-(c); *see also Matulic v. Dir., OWCP*, 154 F.3d 1052, 1056 (9th Cir. 1998) (stating that section 10(a) is the presumptive method for calculating wages whereas section 10(c) is used only when section 10(a) cannot be "reasonably and fairly" applied). Section 10(a) cannot be applied to Schneider's earnings because the Board properly determined that Schneider did not work in the same employment "during substantially the whole of the year immediately preceding his injury." 33 U.S.C. § 910(a). Substantial evidence supported the Board's determination that the employment was not the same because Schneider's employment at Triton required substantially different and higher levels of skill, knowledge, and experience than did his former employment. Moreover, application of section 10(c) was ne-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cessitated because it provided the only means of accurately determining Schneider's annual earning capacity at the time of injury. *See Stevedoring Servs. of Am. v. Price,* 382 F.3d 878, 884 (9th Cir.2004) (stating that sections 10(a) and (b) cannot be applied reasonably and fairly when the record is insufficient to allow the ALJ to make an accurate calculation under sections 10(a) and (b)).

■ The Board's reasonable estimate of Schneider's annual earning capacity under section 10(c) is supported by substantial evidence. *See* 33 U.S.C. § 910(c); *Palacios v. Campbell Indus.,* 633 F.2d 840, 843 (9th Cir.1980). Triton does not challenge Schneider's testimony that his Triton job was permanent. From this testimony, the ALJ reasonably inferred that, but for Schneider's back injury, he would have continued to earn his Triton wage.[1] She reasonably estimated Schneider's annual earning capacity by multiplying his actual weekly wage at Triton by 52. The Board properly affirmed the ALJ's wage calculation.

■ The Board did not abuse its discretion when it awarded $9,750 in attorney's fees and costs to Schneider. *See Madeja v. Olympic Packers, LLC,* 310 F.3d 628, 635 (9th Cir.2002). As the prevailing party in a LHWCA suit, Schneider was entitled to receive "a reasonable attorney's fee

against" Triton. *See* 33 U.S.C. § 928(a). A reasonable fee was "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Under the LHWCA, Schneider's counsel "should be paid ... for all time reasonably expended on [the] matter." *See City of Riverside v. Rivera,* 477 U.S. 561, 575, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (internal quotation omitted) (emphasis omitted). The Board could reasonably conclude that all of the claimed fees were expended in the pursuit of the proceedings before it. The fee application need not state that a "teleconference with client" or the "drafting [of a] letter to client" concerned a disputed issue in the case. This fee application was sufficiently specific for the Board to determine that the attorney's claimed time was reasonably spent on the matter, especially in light of Schneider's complete victory on the only disputed issue in the case.

The Board's order is

**AFFIRMED.**

---

1. Because it was not raised before the Board, we do not address Triton's argument that the calculation of Schneider's Triton wages should not have included the supplement required by the Davis–Bacon Act, 40 U.S.C. §§ 3141–48. *See Duncanson–Harrelson Co. v. Dir. OWCP,* 644 F.2d 827, 832 (9th Cir.1981).